IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALI AFSHAR SHANDIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-506-RP |
| | § | |
| STATE OF TEXAS and OFFICER FUSILIER, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court are two reports and recommendations from United States Magistrate Judge Dustin Howell concerning *pro se* Plaintiff Ali Afshar Shandiz's ("Plaintiff") Complaint pursuant to 28 U.S.C. § 1915(e), (Dkt. 1). (Dkts. 9, 15). Having reviewed the reports and recommendations and the record in this case, the Court issues the following order.

In the first report and recommendation, filed June 20, 2024, the magistrate judge made three findings. First, the magistrate judge recommended that the Court dismiss with prejudice Plaintiff's claims to the extent they rely on 34 U.S.C. § 12601. (Dkt. 9, at 6). Second, as for Plaintiff's malicious prosecution claim, the magistrate judge found that he could not complete his frivolousness review because Plaintiff's complaint was insufficiently pled. Accordingly, the magistrate judge ordered Plaintiff to file a more definite statement addressing this claim. (*Id.* at 5–6). Third, the magistrate judge found that Plaintiff's false arrest claim was not frivolous but ordered that the Clerk should not issue summons on this claim until Plaintiff complied with the Court's order for a more definite statement. (*Id.* at 4, 6). Plaintiff complied with the magistrate judge's order and filed his more definite statement in a timely manner. (Dkts. 11, 12). Plaintiff did not, however, object to the magistrate judge's recommendation for dismissal of any claims brought pursuant to 34 U.S.C. § 12601.

On January 17, 2025, the magistrate judge filed a second report and recommendation. (Dkt. 15). Upon reviewing Plaintiff's more definite statement, the magistrate judge recommended that the Court dismiss Plaintiff's malicious prosecution claim against Defendant Fusilier. (*Id.* at 4–6). The magistrate judge also found that Plaintiff's claims against the State of Texas should be dismissed. (*Id.* at 4). The magistrate judge renewed his prior recommendations that Plaintiff's Section 12601 claims be dismissed, but that Plaintiff's false arrest claim against Fusilier be allowed to proceed. (*Id.* at 3 n.1, 6–7). In summary, the magistrate judge recommended that the Court dismiss with prejudice all of Plaintiff's claims except his false arrest claim against Fusilier. As to that claim, the magistrate judge noted that Plaintiff had not provided an address at which Fusilier could be served. Accordingly, the magistrate judge ordered Plaintiff to fill out a blank summons form with Fusilier's address and return it to the Court on or before February 14, 2025. The magistrate judge warned that failure to do so may result in the Court dismissing the false arrest claim for failure to prosecute or failure to comply with a court order. (*Id.* at 7).

The Clerk of the Court sent the second report and recommendation to Plaintiff by certified mail the same day. (Dkt. 16). However, a month later, the certified mail was returned to the Court as not deliverable. (Dkts. 17, 18). It has been two-and-a-half months since the Court issued the second report and recommendation, and Plaintiff has not responded with either objections or an address at which Fusilier can be served.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the

face of the record in order to accept the recommendation."). Plaintiff has not filed objections to the magistrate judge's recommendations that the Court dismiss with prejudice Plaintiff's Section 12601 claims, claims against the State of Texas, and malicious prosecution claim. Thus, the Court reviews the report and recommendations for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order. The Court will dismiss the foregoing claims with prejudice, as recommended by the magistrate judge.

As for Plaintiff's remaining claim for false arrest against Fusilier, the magistrate judge recommended this claim proceed. However, Plaintiff has not complied with the magistrate judge's order to provide the Court with an address at which Fusilier can be served. Without this address, Plaintiff's remaining claim cannot proceed. Federal courts have the authority to dismiss a complaint for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); Fed. R. Civ. P. 41(b) (permitting a court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order"). Plaintiff has failed to comply with the magistrate judge's order and has not made any filing in this case in over five months. While it appears that Plaintiff may not have received notice of the second report and recommendation, it is a *pro se* litigant's responsibility to keep the Court appraised of changes to his mailing address. *See* W.D. Tex. Loc. R. CV-10(d). "The court may sanction a party for the party's . . . failure to do so, including dismissal of the party's claims or defenses." *Id.* Accordingly, the Court finds that it must also dismiss without prejudice Plaintiff's remaining false arrest claim for want of prosecution and for failure to comply with a court order.

Accordingly, the Court **ORDERS** that the Reports and Recommendations of the United States Magistrate Judge, (Dkts. 9, 15), are **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims based on 34 U.S.C. § 12601, his claims against the State of Texas, and his malicious prosecution claim against Officer Fusilier are **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2).

**IT IS FINALLY ORDERED** that Plaintiff's false arrest claim against Officer Fusilier is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with a court order.

As all claims have now been resolved, the Court will enter final judgment by separate order.

**SIGNED** on April 4, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE